UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEAN M.,

                              Plaintiff,

           v.

KILOLO KIJAKAZI,[1] Acting Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER**

**20-CV-1245F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                            Attorneys for Plaintiff
                            KENNETH R. HILLER, and
                            SAMANTHA J. VENTURE, of Counsel
                            6000 North Bailey Avenue, Suite 1A
                            Amherst, New York  14226

                            TRINI E. ROSS
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York  14202
                                  and
                            KATHRYN SARA POLLACK
                            Special Assistant United States Attorney, of Counsel
                            Social Security Administration
                            Office of General Counsel
                            26 Federal Plaza – Room 3904
                            New York, New York  10278

## **JURISDICTION**

On April 1, 2022, the parties to this action consented pursuant to 28 U.S.C.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

§ 636(c), Local Rule of Civil Procedure – W.D.N.Y. 73(b), and this court's June 29, 2018

Social Security Appeals Standing Order, to proceed before the undersigned.  (Dkt. 23).

The matter is presently before the court on motions for judgment on the pleadings filed

by Plaintiff on July 2, 2021 (Dkt. 20), and by Defendant on November 29, 2021 (Dkt.

22).


## **BACKGROUND**

Plaintiff Sean M. ("Plaintiff"), brings this action under the Social Security Act ("the

Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner

of Social Security's final decision denying Plaintiff's application filed with the Social

Security Administration ("SSA"), on November 10, 2016, for Social Security

Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits") ("disability

benefits application").  Plaintiff alleges he has been disabled since his birth on March

23, 1977, based on bi-polar 1, anti-social disorder, and depression.  AR[2] at 740, 750,

754.  Plaintiff's disability benefits application initially was denied on March 16, 2017, AR

at 672-78, and at Plaintiff's timely request, AR at 679, on January 7, 2019, a hearing

was held in Buffalo, New York, before administrative law judge William M. Wier ("the

ALJ).  AR at 634-659.  Appearing and testifying at the hearing were Plaintiff,

represented by Jo Evelyn Smith, a non-attorney representative, and vocational expert

("VE") Deana Olah.

On May 1, 2019, the ALJ issued a decision denying Plaintiff's claim, AR at 8-27

("the ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant in two volumes on April 7, 2021 (Dkts. 17 and 18).

735-37.  On July 15, 2020, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  AR at 1-7.  On July 13, 2020, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On July 2, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 20) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 20-1) ("Plaintiff's Memorandum").  On November 29, 2021, Defendant moved for judgment on the pleadings (Dkt. 22) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Rule 5.5 (Dkt. 22-1) ("Defendant's Memorandum").  Plaintiff did not file any reply in further support of Plaintiff's Motion or in opposition to Defendant's Motion.  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.


### FACTS[3]

Plaintiff Sean M. ("Plaintiff"), alleges he has been disabled since March 23, 1977, which thus is both his date of birth and his alleged disability onset date ("DOD"), and was 42 years old as of May 1, 2019, the date of the ALJ's decision.  AR at 23, 750. Plaintiff is not married, but has three daughters and a step-son, and lives in an

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

apartment with his fiancé.  AR at 640, 761-63, 933.  Plaintiff has no friends and socializes only with his fiancé and his step-son.  AR at 647-48.

Plaintiff attended school until the 7th or 8th grade in an alternative school where he was in special education classes.  AR at 641, 755, 1258.  Plaintiff never obtained a General Equivalency Degree ("GED"), nor has Plaintiff completed any specialized job training, trade, or vocational school.  AR at 755.  Plaintiff does not have a driver's license and does not drive.  AR at 647, 651, 764.  For transportation, Plaintiff walks, rides in a car, or takes the bus.  AR at 647, 764.  Plaintiff's sole work experience was a part-time job at McDonald's for three weeks in July 1997 and August 1997, but was let go because he was unable to assemble hamburgers.  AR at 640-41, 755, 768.  According to Plaintiff, he has not worked since then because he does not have a GED.  AR at 641.

It is undisputed that Plaintiff was physically abused as a child by his stepfather, has a long history of mental illness including substance abuse, anxiety, and depression, and has suffered from suicidal ideation.  In 2015, Plaintiff, in an attempt to slow down his speech and racing thoughts, cut his tongue in half.  AR at 107.  Plaintiff was incarcerated several times for a total of 16 years, most recently for sale of a controlled substance, for which Plaintiff served four years and was released from prison on November 9, 2016.  AR at 641, 1258.  While incarcerated, Plaintiff received mental health counseling,[4] AR at 641, which Plaintiff has continued to receive since being released.  AR at 642.  After being released, Plaintiff established primary care through OLV Family Care, AR at 45-93, underwent a mental health evaluation at Lake Shore

---

[4] Medical records pertaining to Plaintiff's incarcerations are in the administrative record at AR 933-1252.

Behavioral Health, AR at 1253-62, and commenced mental health treatment with Pathways, an outpatient drug addiction treatment program, where he was prescribed Methadone for heroin addiction, and attended counseling.  AR at 353-633.  On May 18, 2017, Plaintiff also commenced mental health treatment for opioid use disorder and schizophrenia with Spectrum Health and Human Services ("Spectrum") where he saw psychiatrist Jeffrey D. Kashin, M.D. ("Dr. Kashin"), and licensed clinical social worker David Casassa ("LCSW Casassa"), AR at 94-352, 1276-83, 1322-1482, at times receiving counseling through a mobile unit at Plaintiff's home when Plaintiff was too paranoid to leave.  AR at 642-43.  On May 16, 2017, LCSW Casassa completed a Medical Examination for ABAWD Determination form ("ABAWD form").[5]

In connection with his disability benefits application, on January 31, 2017, Plaintiff underwent a consultative psychiatric evaluation by psychologist Gregory Fabiano, Ph.D. ("Dr. Fabiano").  AR at 1266-70.  On March 16, 2017, State Agency review psychologist C. Butensky, Ph.D. ("Dr. Butensky"), based on a review of Plaintiff's medical records, completed a Psychiatric Review Technique ("PRT"), AR at 664-66, and a mental residual functioning capacity assessment ("Mental RFC").  AR at 666-69.

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of

---

[5] The acronym "ABAWD" stands for "able-bodied adults without dependents" and the ABAWD form is used in assessing whether an applicant is eligible for the Supplemental Nutrition Assistance Program ("SNAP").

any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[6] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec.*

---

[6] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

*Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue

is not whether substantial evidence supports the claimant's argument, but "whether

substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at

59 (citing *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI

benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable

regulations set forth a five-step analysis the Commissioner must follow in determining

eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v.*

*Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

1982).  If the claimant meets the criteria at any of the five steps, the inquiry ceases and

the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

The first step is to determine whether the applicant is engaged in substantial gainful

activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b)

and 416.920(b).  The second step is whether the applicant has a severe impairment

which significantly limits the physical or mental ability to do basic work activities, as

defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if

there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part

404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and

meets the duration requirement of at least 12 continuous months, there is a

presumption of inability to perform substantial gainful activity, and the claimant is

deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§

423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth

step, however, if the impairment or its equivalent is not listed in Appendix 1, the

Commissioner must then consider the applicant's "residual functional capacity" or "RFC"

which is the ability to perform physical or mental work activities on a sustained basis,

notwithstanding the limitations posed by the applicant's collective impairments, *see* 20

C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work

("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of

performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to

perform PRW relevant work, the Commissioner, at the fifth step, must consider whether,

given the applicant's age, education, and past work experience, the applicant "retains a

residual functional capacity to perform alternative substantial gainful work which exists

in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation

marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of

proof is on the applicant for the first four steps, with the Commissioner bearing the

burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4);

*Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be

addressed because if the claimant fails to meet the criteria at either of the first two

steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the

claimant meets the criteria for the third or fourth step, the inquiry ceases with the

claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

　　　When there also is medical evidence of a claimant's drug addiction or alcoholism

("DAA"), however, the disability inquiry, however, does not end with the five-step

analysis.  20 C.F.R. § 416.935(a), *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d

Cir. 2012).  Where, as here, there is a mental disorder, *i.e.*, bipolar and social anxiety

disorder, if the ALJ finds a disability at step five, the disability analysis continues and the ALJ must consider whether the evidence establishes the mental disorder would be disabling with or without the DAA.  *Peter W. v. Comm'r of Soc. Sec.*, 2022 WL 523744, at ** 9-10 (N.D.N.Y. Feb. 22, 2022).  In contrast, where the ALJ fails to find the claimant was disabled, then despite medical evidence of the claimant's drug or alcohol abuse, the ALJ is not required to conduct the additional inquiry into the impact on Plaintiff's alcohol and substance abuse.  *Id.*

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 10, 2016, the disability benefits application date, AR at 13, and suffers from the severe impairments of bipolar disorder, social anxiety disorder, and a substance abuse disorder, *id*., but does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 13-15.  The ALJ found Plaintiff retains the RFC to perform a full range of work at all exertional levels but with nonexertional limitations including simple, repetitive, one- and two-step tasks, cannot perform complex work defined as work involving multiple simultaneous goals or objectives, or the need to independently set quality, quantity, or method standards, no public contact, but may have occasional coworker and supervisory contact, should not work in tandem, and can have only one change per day in general workplace or tasks.  AR at 15-21.  The ALJ further determined Plaintiff has no past relevant work, AR at 21, but that based on his age, defined as a younger individual, limited education, ability to communicate in English, RFC, and despite no transferable skills, can perform work existing in the national economy including as a cleaner II and a hand packer.  AR at 21-22.  Based on

these findings, the ALJ determined Plaintiff is not disabled as defined under the Act through the date of Plaintiff's disability benefits application.  *Id*. at 23.

It is undisputed that Plaintiff does not allege he suffers from any physical impairment or limitation.  AR at 639.  Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that in formulating Plaintiff's RFC at the fourth step, the ALJ improperly evaluated a treating opinion, Plaintiff's Memorandum at 12-15, and improperly evaluated other opinion evidence.  *Id*. at 15-19.  Defendant argues substantial evidence supports the ALJ's RFC determination, and the ALJ properly evaluated all opinion evidence.  Defendant's Memorandum at 6-18.  Initially, the court observes Plaintiff's Motion is predicated on only two opinions in the record, including that of LCSW Casassa and consultative psychologist Dr. Fabiano.

**LCSW Casassa**

With regard to LCSW Casassa's opinion, on May 16, 2017, LCSW Casassa completed the ABAWD form, stating he had been Plaintiff's mental health counselor on an outpatient basis for twelve months, and reporting Plaintiff's diagnoses included bipolar disorder with history of psychiatric hospitalizations, for which Plaintiff was treated with counseling and medications Depakote (acute bipolar mania), and Seroquel (antipsychotic medication for schizophrenia).  AR at 1276-77.  On the portion of the form pertaining to functional limitations, LCSW Casassa checked boxes indicating Plaintiff had no physical limitations, but was moderately limited in his ability to maintain attention/concentration, make simple decisions, interact appropriately with others, and maintain basic standards of personal hygiene and grooming, and very limited in his

ability to understand and remember instructions, carry out instructions, maintain socially appropriate behavior without exhibiting behavior extremes, and appeared able to function in a work setting at a consistent pace.  AR at 1277.  According to LCSW Casassa, limitations from Plaintiff's mental health impairment precluded Plaintiff from engaging in competitive employment for 80 hours a month, the limitations were expected to be permanent, and no referral for a rehabilitation program was recommended.  AR at 1277.  The ALJ gave this opinion little weight because although LCSW Casassa is a treatment provider at Spectrum, the treatment notes from Spectrum do not support the opinion.[7]  AR at 20-21.

In support of his motion, Plaintiff argues the ALJ misconstrues LCSW Casassa's reports of Plaintiff's functioning capability asserting that the ALJ refers to Plaintiff as reporting "a variety of activities of daily living," but that the administrative record does not support that Plaintiff engaged in such activities every day, Plaintiff's Memorandum at 13 (citing AR at 21 (referencing AR at 1458)), and that the ALJ cites to evidence in the record supporting the determination that Plaintiff is not disabled, while ignoring evidence to the contrary.  *Id*. at 13-15.  Plaintiff further challenges the ALJ's limited acceptance of LCSW Casassa's opinion because the opinion is devoid of objective findings, explaining

---

[7] The court notes because Plaintiff's disability benefits application was filed on November 10, 2016, the amended regulations effective as of March 27, 2017 do not apply; rather,under the regulations applicable to Plaintiff's disability benefits application, filed November 10, 2016, a social worker or counselor is not considered an "acceptable medical source" and, thus, cannot qualify as a "treating source" whose opinion may be entitled to controlling weight. 20 C.F.R. § 416.913(d).  Nevertheless, the ALJ must at least consider the opinions of non-acceptable medical sources, or "other sources," 20 C.F.R. § 416.927(c), including social workers and counselors, but the ALJ is "free to discount" such opinions "in favor of the objective findings of other medical doctors," *see Genier v. Astrue*, 298 Fed.Appx. 105, 108-09 (2d Cir. 2008) ("[W]hile the ALJ is certainly free to consider the opinions of these 'other sources' in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician.") (citation omitted).

that because LCSW Casassa is a treating social worker, the opinion should be considered in conjunction with Plaintiff's treatment history, *id*. at 15, and the ALJ should have recontacted LCSW Casassa for more information if necessary to fill in any gaps in the record.  In opposition, Defendant argues the ALJ properly afforded LCSW Casassa's opinion little weight because the opinion is inconsistent with Plaintiff's mental health treatment notes, as well as the opinions of Dr. Fabiano and Dr. Butensky. Defendant's Memorandum at 13-14. Defendant further argues LCSW Casassa's opinion is on a 'check-box' form which does not include any narrative or clinical findings, *id*. at 14, and that because LCSW Casassa is a social worker, and thus not an acceptable medical source as defined under the Act, his opinion is not entitled to any particular deference, *id*. at 14-16, nor is there any gap in the record that required LCSW Casassa be recontacted.  *Id*. at 16-18.  There is no merit to Plaintiff's argument regarding the ALJ's treatment of LCSW Casassa's opinion.

In particular, as Defendant observes, Defendant's Memorandum at 14-16, as a social worker, LCSW Casassa's opinion is not entitled to the same deference as required for an acceptable medical source which, as relevant here, is limited to licensed physicians (medical or osteopathic doctor), and licensed psychologists.  20 C.F.R. § 416.902(a)(1) and (2).  *See Genier*, 298 Fed.Appx. at 108 (2d Cir. 2008) ("while the ALJ is certainly free to consider the opinions of these "other sources" in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician." (citing *Mongeur v. Heckler,* 722 F.2d 1033, 1039 n. 2 (2d Cir.1983))).  Further, as Defendant also argues, Defendant's Memorandum at 14, LCSW Casassa's opinion is on a 'check-box' form

which the Second Circuit has considered a "good reason[ ]" for giving an opinion less weight because such forms "'offer little or nothing with regard to clinical findings and diagnostic results' and, further, were inconsistent with the moderate findings reflected in the [treatment provider's] notes." *Heaman v. Berryhill*, 765 Fed.Appx. 498, 501 (2d Cir. 2019) (quoting *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)).  *See also Halloran v. Barnhart*, 362 F.3d 28, 31 n. 2 (2d Cir. 2004) (considering a standardized check-box form to be "only marginally useful for purposes of creating a meaningful and reviewable factual record").  Even acknowledging that the Second Circuit recently clarified the treatment of opinions rendered on such "check-box" forms, *see Colgan v. Kijakazi*, 22 F.4th 353, 361-62 (2d Cir. 2022) (clarifying that an ALJ may discount an opinion because it was provided on a check-box form only where the opinion completely lacks any evidentiary support in the record (citing *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014))), in the instant case, LCSW Casassa's opinion is not sufficiently supported by evidence in the record.

Specifically, in Plaintiff's mental health treatment records, Plaintiff was repeatedly reported as having grossly intact cognitive functions and concentration, *see* AR at 1219 (January 22, 2016), 1222 (May 23, 2016), 1224 (April 25, 2016), 1247 (November 7, 2016), 1328 (August 17, 2017), and 1389 (April 10, 2018).  Plaintiff is further reported to be doing well and engaged in various activities, AR at 762-64 (participates in some child care including walking child to bus stop, prepares simple meals, does laundry and cleans), 1269 (handles personal care and grooming, cooks, prepares food, cleans, does laundry, shops, and takes public transportation), and plaintiff reported doing well when taking his medications as prescribed and following his detoxification routing.  AR at

1350 (January 31, 2018), 1406 (May 25, 2018), 1423 (August 14, 2018), and 1440 (November 19, 2018).  On November 29, 2018, Plaintiff reported receiving social support from his girlfriend and his neighbor with whom he socialized weekly, and also rode his bicycle around the 'botanical gardens,' reporting bicycling helped him "keep his thoughts together."  AR at 1370, 1458.  The ALJ also cited evidence that Plaintiff reads books, plays video games, and watches television, AR at 1458, and performs such home repairs as caulking and repairing windows.  AR at 1341.  Significantly, a claimant's activities may be considered in evaluating the claimant's functioning and determining what weight to grant a treating source's opinion.  *See Roma v. Astrue*, 468 Fed.Appx. 16, 19 (2d Cir. 2012) (stating where a treating physician's opinion conflicted with the claimant's own description of his activities, the ALJ was not required to defer to such physician's opinion that the claimant was unable to perform SGA).  *See also Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (affirming district judge's determination that ALJ properly relied on claimant's self-reported activities of walking her dogs and cleaning her house were consistent with the ALJ's RFC determination that the claimant was capable of light work).  Further, as discussed below, the ALJ's determination is supported by Dr. Fabiano's consultative opinion.  Discussion, *infra*, at 14-16.  Accordingly, the ALJ did not err in granting little weight to LCSW Casassa's opinion.

**Dr. Fabiano**

In connection with Plaintiff's disability benefits application, on January 41, 2017, Plaintiff underwent a psychiatric evaluation by consultative psychologist Dr. Fabiano.  AR at 1265-70.  Dr. Fabiano reported that that mental status examination showed

Plaintiff with cooperative demeanor and responsiveness to questioning, and manner of relating, social skills, and overall presentation were adequate.  AR at 1267.  Although Plaintiff presented with an anxious mood, Plaintiff was well-groomed, appeared his stated age, speech was fluent and clear with adequate expressive and reception language, was coherent and goal directed without evidence of hallucinations, delusions, or paranoia, mood was neutral, sensorium was clear, attention and concentration, as well as recent and remote memory were mildly impaired based on anxiety or nervousness based on the evaluation, cognitive functioning was average, insight was fair and judgment was good.  AR at 1268.  Plaintiff could dress, bathe and groom himself, cook and prepare food, clean and do laundry, shop and take public transportation, and was engaged in adaptive functioning in most areas of daily living with the exception of some aspects of home living.  AR at 1269.  Dr. Fabiano's medical source statement was that Plaintiff was mildly limited in understanding, following simple directions and instructions, performing simple tasks with supervision, and maintaining attention and concentration, had no limitations in maintaining a regular schedule, learning new tasks, and making appropriate decisions, and moderate limitations in performing complex tasks independently or with supervision, relating adequately with others, and dealing appropriately with stress.  AR at 1269, Dr. Fabiano attributed all of Plaintiff's limitations to his psychiatric symptoms and substance abuse problems, which were not considered sufficiently significant to interfere with Plaintiff's ability to function on a daily basis, *id*., and Plaintiff was considered a good candidate for vocational training.  *Id*. at 1270.  These findings are consistent with the ALJ's determination that Plaintiff could perform a full range of work at all exertional limitations with the

nonexertional limitations of simple, repetitive, one- and two-step tasks, no complex work or the need to work independently or with set quality, quantity, or method standards, no public contact, and only occasional coworker and supervisory contact, no tandem work, and only one change per day in general workplace or tasks.  AR at 15-21.  *See Ana H. v. Comm'r of Soc. Sec.*, 2020 WL 6875252, at *10 (W.D.N.Y. Nov. 23, 2020) (RFC limiting plaintiff to simple, routine and repetitive tasks adequately accounts for moderate limitations in concentration, persistence, and pace);  *Hill v. Comm'r of Soc. Sec.*, 2020 WL 836386, at * 4-5 (W.D.N.Y. Feb. 20, 2020) (RFC limiting the plaintiff to "performing simple, routine and repetitive tasks and simple work-related decisions, and only occasional interaction with co-workers and the public adequately accounts for even "marked" limitations in a claimant's ability to adapt or manage oneself); *Brogdon v. Berryhill*, 2019 WL 1510459, at *14 (S.D.N.Y. Mar. 22, 2019) (limiting the plaintiff to simple work-related tasks with only occasional contact with others accounted for her memory limitations); *Gibbons Thornton v. Colvin*, 2016 WL 611041 at *4 (W.D.N.Y. Feb. 16, 2016) ("[T]he determination that Plaintiff should not have consistent contact with the general public accounts for ... moderate social limitations." (internal quotation marks omitted)); *Reilly v. Colvin*, 2015 WL 6674955, at *3 (W.D.N.Y. Nov. 2, 2015) ("[G]enerally a limitation to only 'occasional' or 'limited' contact with others has been found sufficient to account for moderate limitations in social functioning.").  Significantly, an ALJ's RFC determination need not be supported by a specific medical opinion, particularly where the plaintiff has failed to adduce evidence inconsistent with the ALJ's RFC determination.  *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 818 Fed.Appx. 108, 109-10 (2d Cir. 2020) (finding that, "although there was no medical opinion providing the

specific restrictions reflected in the ALJ's RFC determination," that determination was supported by substantial evidence because treatment notes were "in line" with the determination and the plaintiff "failed to adduce any medical evidence inconsistent with the ALJ's determinations").

Here, Plaintiff does not point to any specific evidence in the record demonstrating any inconsistencies with the RFC limitation concerning Plaintiff's moderate limitations in performing simple work involving repetitive and routine tasks independently or with supervision, and maintaining a work schedule.  Significantly, the ALJ is permitted to rely on the opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record.  *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence). Further, the report of a consultative psychologist also may constitute substantial evidence.  *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011).  In the instant case, as discussed with regard to LCSW Casassa's opinion, Discussion, *supra*, at 13-14, Plaintiff's own description of his activities are consistent with Dr. Fabiano's opinion.

Furthermore, despite evidence in the record that Plaintiff suffers from drug addiction or alcohol abuse, where, as here, the ALJ fails to find the claimant was not disabled, then despite medical evidence of the claimant's drug or alcohol abuse, the ALJ is not required to conduct additional inquiry into the impact on Plaintiff's alcohol and substance abuse.  *Peter W. v. Comm'r of Soc. Sec.*, 2022 WL 523744, at *9–10 (N.D.N.Y. Feb. 22, 2022).  *See also Graber v. Comm'r of Soc. Sec.*, 2020 WL 3989345, at *4 (W.D.N.Y. July 15, 2020) ("'If the ALJ ... determines that Plaintiff is not disabled, he

need not address the materiality of Plaintiff's substance abuse.'" (quoting *Anderson v. Berryhill*, 2017 WL 1154993, *11 (E.D.N.Y. 2017))).

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's decision that Plaintiff is not disabled under the Act.  *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault*, 683 F.3d at, 448 (italics in original)).  Further, the Supreme Court recently reaffirmed that the threshold for substantial evidence "is not high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, 1154 (2019) (internal citation and quotation marks omitted).  Indeed, as noted, see Discussion, *supra*, at 6, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet*, 523 Fed.Appx. at 59 (quoting *Brault*, 683 F.3d at 448) (italics in original).  In the instant case, the ALJ's decision that Plaintiff could perform the full exertional range of work with only non-exertional limitations, such that Plaintiff is not disabled, is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 20) is DENIED; Defendant's

Motion (Dkt. 22) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        July 26th, 2022
                      Buffalo, New York